AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

### Clerk, United States District Court for
### Address
### City, State  Zip Code

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Northern District of Texas, Abilene Division |
|---|---|

| Name (under which you were convicted): <br> Javier Meza | Docket or Case No.: |
|---|---|

| Place of Confinement : <br> Hughes Unit, TDCJ-CID, Gatesville, Texas | Prisoner No.: <br> 01488943 |
|---|---|

| Petitioner (include the name under which you were convicted) <br> Javier Meza | v. | Respondent (authorized person having custody of petitioner) <br> Bobby Lumpkin, Director, TDCJ-CID |
|---|---|---|

| The Attorney General of the State of: Texas |
|---|

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    42nd District Court of Taylor Couinty, Texas

    (b) Criminal docket or case number (if you know):   22920A

2.  (a) Date of the judgment of conviction (if you know):   02/13/2008

    (b) Date of sentencing:   02/13/2008

3.  Length of sentence:   Forty (40) years imprisonment

4.  In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:   Murder

6.  (a) What was your plea? (Check one)

    ☐  (1)   Not guilty          ☐  (3)   Nolo contendere (no contest)

    ☑  (2)   Guilty              ☐  (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   N.A.

(c) If you went to trial, what kind of trial did you have? (Check one)

❏ Jury     ☑ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❏ Yes     ☑ No

8.   Did you appeal from the judgment of conviction?

☑ Yes     ❏ No

9.   If you did appeal, answer the following:

(a) Name of court:   Eleventh (state) Court of Appeals

(b) Docket or case number (if you know):   11-08-00102-CR

(c) Result:   Appeal Dismissed

(d) Date of result (if you know):   05/15/2008

(e) Citation to the case (if you know):   11-08-00102-CR

(f) Grounds raised:   No opportunity to raise grounds, as appeal was dismissed due to no right to appeal in plea bargain case.

(g) Did you seek further review by a higher state court?   ❏ Yes   ☑ No

If yes, answer the following:

(1) Name of court:   N.A.

(2) Docket or case number (if you know):

(3) Result:

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

    If yes, answer the following:

    (1) Docket or case number (if you know):  N.A.

    (2) Result: _____

_____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

    (a)    (1) Name of court:  42nd District Court of Taylor County, Texas and Court of Criminal Appeals

            (2) Docket or case number (if you know):  22920A

            (3) Date of filing (if you know):  09/15/2020

            (4) Nature of the proceeding:  Application for a writ of habeas corpus

            (5) Grounds raised:  Ineffective assistance of counsel resulting in uknowing, uninteligent, and/or

                involuntary plea of guilty, violative of Petitioner's Sixth and Fourteenth Amendment Rights

                under the United States Constitution.  Probable destruction of evidence by prosecution

                team.  Violaton of Fourth, Fifth, Sixth and Fourteenth Amendment rights during custodial

                interrogation.  Evidence in support of grounds for relief recently obtained, had been

                withheld by prosecution team.

            (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☑ Yes  ☐ No

        (7) Result:  Writ denied on 02/03/2021, w/o written order, in WR-91,925/01 (CCA of Texas)

AO 241 (Rev. 09/17)

(8) Date of result (if you know):    02/03/2021

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:    N.A.

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes    ☐  No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes     ❏ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ✔ Yes     ❏ No

(2) Second petition:     ❏ Yes     ❏ No

(3) Third petition:     ❏ Yes     ❏ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N.A.

_____

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   Violation of Petitioner's Sixth and Fourteenth Amendment Rights under the

United States Constitution.  Ineffective counsel resulting in unknowing, unintellilgent, involuntary guilty plea.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense counsel for Petitioner, David Thedford, failed to pursue a motion to suppress that he had filed in order

to suppress statements made by Petitioner to Taylor County, Texas law enforcement on or about January 25,

2007, which statements were taken in violation of Petitioner's Fifth and Sixth Amendment rights.  On or about

January 25, 2007 Petitioner was taken to the Taylor County, Texas law enforcement center by investigators.

During an afternoon interrogation of Petitioner that lasted for several hours, incriminating statements and signed

(Continued, Page 6-A)

(b) If you did not exhaust your state remedies on Ground One, explain why:   Claim was exhausted

_____

_____

_____

_____

_____

Page 6-A

 signed confessions were obtained by the detectives.  Early on during the interrogation, Petitioner requested the assistance of an attorney.  At that point Petitioner had no business or personal relationship with any attorney.  The detectives brought into the interrogation room a phone book so that Petitioner might attempt to contact an attorney – a charade that was not sanctioned by established precedent.  An attorney selected at random to whom Petitioner spoke by phone declined to assist Petitioner since he, the attorney, had not been retained to do so. Thereafter, one or more detectives continued to interrogate the Petitioner, refusing Petitioner's request to call his mother and a request that Petitioner be allowed to go home. The continued interrogation produced at least two verbal and signed confessions by Petitioner, confessions that were prepared by one or more interrogating detectives.   Additionally, in addition to a failure to pursue a motion to suppress the statements/confessions given by Petitioner on January 25, 2007, Mr. Thedford acted unreasonably by meeting with Petitioner and a Taylor County detective on or about January 30, 2007, and sanctioned the giving of another signed statement by Petitioner on that date regarding circumstances of the charged offense of murder for which Petitioner would be indicted and prosecuted.  Defense counsel failed to pursue a motion to suppress the statements given on January 25, 2007, failed to file a motion to suppress statements given by Petitioner on January 30, 2008, or failed to pursue motion(s) to suppress the statements given on January 25, 2007 and January 30, 2007  by requesting a hearing on  the motion(s) and conducting a pretrial hearing on the motion(s) to suppress the statements._____
A video/audio was made of certain statements/confessions made by the Petitioner during the_____

interrogation procedures.  Had Mr. Thedford, as defense counsel, pursued the motion to suppress __

Page 6-B

said statements on January 25, 2007, and had not participated in encouraging Petitioner to sign an additional statement on or about January 30, 2007, and filed and pursued a motion to suppress statements given on January 30, 2007, Petitioner would not have pleaded guilty but would have insisted upon going to trial.  Contemporaneously with the filing of Petitioner's state writ application Petitioner filed documents which are true and correct copies of documents made or generated at the time, in 2007, in support of this ground.  See, Petitioner's contemporaneously filed memorandum of law during the state writ application proceedings, which included a request for an evidentiary hearing.

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❒ Yes        ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:    N.A.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes        ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Application for a writ of habeas corpus

Name and location of the court where the motion or petition was filed:    42nd District Court of Taylor County,

Texas, returnable to Court of Criminal Appeals of Texas

Docket or case number (if you know):    22920A

Date of the court's decision:    09/17/2020

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?        ❒ Yes        ☑ No

(4) Did you appeal from the denial of your motion or petition?        ☑ Yes        ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?        ☑ Yes        ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    State writ applications are returnable to Court

of Criminal Appeals of Texas.  Petitioner objected to trial court's findings and recommendation.

Docket or case number (if you know):    WR-91,925-01

Date of the court's decision:    02/03/2021

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N.A.

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:    On 10/22/2020 Petitioner filed objections of the findings of fact, conclusions of law, and recommendation of the state trial court.  This is true with regard of each ground for relief the state court decided to adjudicate.

**GROUND TWO:**    Violation of Petitioner's Sixth and Fourteenth Amendment Rights.  Inffective assistance of counsel resulting in guilty plea rather than opting for a trial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The record in this case, including investigative reports, witness statements, reflect that at least two-three other persons were criminally charged, or could have been criminally charged, as co-defendants in the drive-by shooting incident for which Petitioner was charged and convicted.  According to the state several persons were in a vehicle from which shots were fired in a drive-by shooting incident which resulted in the death of a child who was inside the house when shots were fired from several persons inside a car.  Inside the car were Matthew Gonzales, Islam Gonzales, Sherry Huber, and allegedly the Petitioner.  No witnesses outside the car identified the Petitioner as participating in the shooting incident.  Petitioner was interrogated by law enforcement several

(Continued, Page 8-A)

(b) If you did not exhaust your state remedies on Ground Two, explain why:    Claim exhausted

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❑  Yes    ❑X  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:    No direct appeal allowed by court of appeals.

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ❑  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Application for a writ of habeas corpus

Name and location of the court where the motion or petition was filed:    42nd District Court of Taylor County, Texas, returnable to the Court of Criminal Appeals of Texas

Docket or case number (if you know):    22920-A

Page 8-A

Petitioner was interrogated by law enforcement several days after the January 21, 2007 shooting incident, as mentioned in ground number one. Defense counsel, Mr. Thedford, wholly failed to explain to Petitioner, in pretrial investigation, or at any time, that an accused in Texas cannot be found guilty on the testimonies of accomplices without other, corroborating evidence tending to connect an accused to the offense, under Article 38.14 of the Texas Code of Criminal Procedure.  Mr. Thedford failed to explain at any time the definition of an 'accomplice' under Texas law, and that under the circumstances of Petitioner's case, the three individuals, Matthew and Islam Gonzales, and Sherry Huber, were accomplices as a matter of law.   In that legal circumstance a properly instructed jury could not have found Petitioner guilty unless there existed other evidence tending to connect the Petitioner to the shooting incident.  During pretrial it was Petitioner's understanding from defense counsel that, if the case went to trial one or more of the accomplice witnesses would testify against Petitioner. Mr.  Thedford 'guaranteed' Petitioner that he would receive a life sentence from a jury. Mr. Thedford also stated to members of Petitioner's family that, should Petitioner take his case to a jury trial, Mr. Thedford 'guaranteed' that Petitioner would receive a life sentence.  See affidavits of Leticia Garza and Faustino Meza, included in Petitioner's "submission of evidence" filed during the state habeas proceedings. Petitioner had no criminal record at the time of the incident and prosecution. Had Mr. Thedford explained to the Petitioner the Texas law on accomplice witness and testimony, and pursued a motion to suppress the custodial statements mentioned in ground number one, the Petitioner would not have pleaded guilty but would have insisted upon gong to a jury trial for all purposes. It is also noted that  defense counsel failed to challenge a consent to search document signed by Petitioner while in custody, which violated his due process and equal protection rights._____

AO 241 (Rev. 09/17)

Date of the court's decision:    09/17/2020

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Court of Criminal Appeals of Texas

Docket or case number (if you know):    WR-91,925-01

Date of the court's decision:    02/03/2021

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N.A.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :    Petitioner filed objections to the findings of fact,

conclusions of law and recommendation of the trial court

**GROUND THREE:**    Violation of Petitioner's Fourth, Fifth and Sixth Amendment rights under the United

States Constitution.    Investigative strategy designed to undercut Petitioner's constitutional rights.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On January 25, 2007, following the official interrogation of Petitioner during which his Fifth and Sixth Amendment

rights were violated by detectives during interrogation, a detective informed Petitioner, who was in a highly

emotional state, that his mother and grandfather were present in the police department in which the interrogation

had occurred.  Interrogating detectives quickly granted an expected request from Petitioner to visit with his

mother and grandfather prior to being transported to the county detention facility.

(Continued, Page 9-A)

Page 9-A

During the family visit that occurred, in an isolated room with no law enforcement person

present,  Petitioner made statements to his mother and grandfather which could be construed as

inculpatory statements.  During the family visit{s), a detective quickly stationed himself in an

adjacent room,  monitoring and recording the family visits.  At the time of the said visit Petitioner

was in an emotional state, due to the previous custodial interrogation, which overbore Petitioner's

reasoned judgment and faculties. The detective who monitored and recorded the family visits did

so with the  expectation that Petitioner would make inculpatory statements or the detective would

not have  monitored and recorded the family visits.  No notice was provided to Petitioner or to his

mother or Grandfather that the family visits would be monitored and recorded.  Under the

totality of the circumstances, including the intent of the interrogating  detective{s) to  obtain

inculpatory statements from the Petitioner, the plan and scheme of the detective, in authorizing and

encouraging the family visit. violated the Fourth. Fifth. Sixth and Fourteenth Amendment rights

of Petitioner.  Under the totality of the circumstances the monitoring and recording of the family

visit was fundamentally unfair, violated procedural and substantive due process; and any

inculpatory statements made by Petitioner during the family visit flowed from where the fruit

of. the illegal obtaining of inculpatory statements during the preceding official custodial

interrogation during which Petitioner was denied a request to have an attorney present during the

Page 9-B

interrogation.  Further, under the totality of the circumstances Petitioner had a privacy expectation

that his visit with his family would not be monitored or recorded.  Had the Petitioner been

afforded the physical presence of an attorney during the official custodial interrogation

inculpatory statements made by Petitioner would not have been made.  Petitioner would have

remained silent.  Under those circumstances no post-interrogation visit with family would have

occurred.  In the usual case of custodial interrogations, an accused it not allowed to have a family

visit prior to being transported to a county detention center.  When a detective informed the

Petitioner that his mother and grandfather were present in the facility, following the official

custodial interrogation, the detective had an expectation that ~~Petitioner would  request~~ to visit his

family, which facilitated an intent to obtain inculpatory statements and  to undercut or circumvent

the Fourth, Fifth and Sixth Amendment rights of Petitioner.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:   Claim exhausted

(c)    **Direct Appeal of Ground Three:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?    ❐  Yes    ❐  No

  (2) If you did not raise this issue in your direct appeal, explain why:   No direct appeal allowed by court of

   appeals.

(d)    **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ☑ Yes    ❐   No

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition:     Application for a writ of habeas corpus

  Name and location of the court where the motion or petition was filed:   42nd District Court of Taylor County,

   Texas, returnable to the Court of Criminal Appeals of Texas

  Docket or case number (if you know):    22920A

  Date of the court's decision:    09/17/2020

  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion or petition?    ❐   Yes    ☑ No

  (4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ❐   No

  (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❐   Yes    ❐   No

  (6) If your answer to Question (d)(4) is "Yes," state:

  Name and location of the court where the appeal was filed:    Court of Criminal Appeals of Texas

  Docket or case number (if you know):    WR-01,925-01

  Date of the court's decision:    02/03/2021

  Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N.A.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:    Petitioner filed objections to the trial court's

findings of fact, conclusions of law and recommendation

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❏   Yes        ❏   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❏   Yes        ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?               ❐   Yes        ❐   No

(4) Did you appeal from the denial of your motion or petition?          ❐   Yes        ❐   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❐   Yes        ❐   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☑ Yes        ☐    No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N.A._____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?        ☐    Yes    ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?        ☐    Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:    David Thedford, Abilene, Texas

(b) At arraignment and plea:    David Thedford, Abilene, Texas

(c) At trial:    David Thedford, Abilene, Texas

(d) At sentencing:    David Thedford, Abilene, Texas

(e) On appeal:    Pro se

(f) In any post-conviction proceeding:    Ashley B. Burleson, Houston, Texas

(g) On appeal from any ruling against you in a post-conviction proceeding:    Ashley B. Burleson, Houston,
Texas

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?    ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?    ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

For years since the original trial proceedings the prosecution team has suppressed, secreted and not

made available directly or indirectly to Petitioner evidence, including five discs of audio/visual info.,

which include the audio/visual interrogation of Petitioner on January 25, 2007 and the family visit that

followed the interrogation.  Since his conviction Petitioner has been incarcerated, indigent for purposes

of hiring an investigator until only recently when Petitioner's family reached the point of accumulating

AO 241 (Rev. 09/17)

financial resources to hire undersigned counsel.  Following trial (plea proceedings) Petitioner's mother, Letica Garza, was unable to get records pertaining to Petitioner's case from the Taylor County, Court-house, after being advised by former defense counsel, David Thedford.  Mr. Thedford produced some records, but did not provide any 'discs' or records of the January 25, 2007 interrogation of Petitioner and the following family visit with Petitioner's mother and grandfather.  Beginning in 2017 Jacqueline Navarro a non-relative of Petitioner's decided to take an interest in Petitioner's case - although she had no duty to do so.  Mr. Thedford was no help to Ms. Navarro.  Finally, Ms. Navarro was given five discs of information by an employee of the Abilene Police Department (which among other documents contained the audio/video of the January 25, 2007 interrogation), and told not to share the evidence with Petitioner or anyone in the legal field that may assist Petitioner.  After a passage of time Ms. Navarro decided that she should show the information to Petitioner's mother.   See attached Exhibit A, the affidavits of Letica Garza and Jacqueline Navarro).   In light of the circumstances the evidence was not reasonably available to Petitioner, nor was the affidavit of Jacqeuline Navarro reasonably available to Petitioner until Ms. Navarro made the decision to execute an affidavit, until the period of approximately 2019-2020, and until April 30, 2021 when Ms. Navarro decided to execute an affidavit.  The statement made to Ms. Navarro by the city police department employee evidences that the police department would never have turned over, or made known to Petitioner or his family the five discs of information.  Manifest injustice is implicated, and the information goes to the innocence of Petitioner as well.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

   (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    Grant this petition for a writ of habeas corpus.

Conduct an evidentiary hearing and hold that the state courts made an unreasonable determination of the facts

and misapplication of federal law in findings.  Permit the late filing of this federal habeas petition.

or any other relief to which petitioner may be entitled.

_____
                    "S/". Ashley Burleson
                    Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
                    Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Undersigned counsel is representing Petitioner Javier Meza in this federal habeas petition matter.  Undersigned

counsel has conferred with Petitioinr Javier Meza, and has Mr. Meza's express authorization to sign this

petition on behalf of Mr. Meza.

Print       Save As...                                                    Reset

# EXHIBIT A

THE STATE OF TEXAS

COUNTY OF TAYLOR                          <u>Affidavit of Letica Garza</u>

Affiant Letica Garza deposes and says as follows: "My name is Letica Garza. I am over the age of 18, personally acquainted with the facts stated in this affidavit, and competent to testify to these facts. This affidavit concerns the felony conviction of Javier Meza, TDO prison number 1488943, in a state district court in Taylor County, Texas in criminal cause number 22920A. The conviction occurred during February, 2008. I am the mother of Javier Meza. I made attempts to obtain records pertaining to Javier's criminal case in the years after his conviction. I spoke with David Thedford, who was the defense attorney for Javier Meza in cause number 22920A, at a period of time after the trial. Mr. Thedford told me I would have to go to the courthouse to get any records pertaining to Javier Meza. But I was unable to obtain records from the courthouse. Mr. Thedford did provide some records of Javier Meza to me, but he did not provide any discs containing any questioning of Javier or recording of Javier and any others when Javier was supposed to have made statements to law enforcement at the Police or law enforcement center. I did not know such discs existed until years later. It was years later that I was given five discs of information and video recordings in Javier's criminal case, by Jacqueline Navarro.



Letica Garza, Affiant"
4701N. 2nd Street
Abilene, Texas 79603

On this day personally appeared before me, the undersigned authority, and known to me, Letica Garza, who, being first sworn on oath by me stated that she had read the foregoing affidavit and that it is true and correct.

Subscribed and sworn to before me, the undersigned authority, on ____March 10th____, 2021.

My Commission Expires:

01/22/2024                        _____
                                  Notary Public in and for the State of Texas

TRAVIS EDWARD COVINGTON
Notary Public, State of Texas
Comm. Expires 01-22-2024
Notary ID 132324787

THE STATE OF TEXAS )

COUNTY OF TAYLOR )

<u>Affidavit of Jacqueline Navarro</u>

Affiant Jacqueline Navarro deposes and says as follows: "My name is Jacqueline Navarro. I am over the age of 18, personally acquainted with the facts stated in this affidavit, and competent to testify to these facts. This affidavit concerns the felony conviction of Javier Meza, TDCJ prison number 1488943, in a state district court in Taylor County, Texas in criminal cause number 22920A. The conviction occurred during February, 2008. I am not related to Javier Meza. I made attempts to obtain records pertaining to Javier's criminal case from the Police Department in Abilene, Taylor County, Texas beginning in about 2017. During that period the department kept delaying giving me any of the records. During the period I spoke with Javier's former defense attorney, David Thedford, and he was no help to me in getting any records in Javier's criminal case. During about the Spring of 2017 I was finally given some records in Javier's criminal case by an employee of the City of Abilene Police Department. The records I was given consisted of five discs of information/videos. A true and correct picture of the five discs is attached to this affidavit. At the time I was given the five discs I was told by the employee that I should not share the information on the discs with Javier Meza or his family or anyone in the legal field that may be involved in assisting Javier. So I kept possession of the five discs for some time. I could not understand why the employee at the Police Department who gave me the five discs would not want me to share them with Javier or his family. Finally, I did share the five discs with Javier's family, his mother. I did so because I thought that there may be some information, or video information on the discs that would be helpful to Javier, who was in prison serving a long sentence for the felony offense. I thought it was strange, that the city would not give the discs to Javier or his family, but give them to me. And when I spoke with Javier's former attorney Mr. Thedford about records in Javier's case he acted as though Javier was not entitled to see records in his case.

JACQUELINE NAVARRO, Affiant"

302 Lillius Street
Abilene, Texas 79603

On this day personally appeared before me, the undersigned authority, and known to me, Jacqueline Navarro, who, being first sworn on oath by me stated that she had read the foregoing affidavit and that it is true and correct.

Subscribed and sworn to before me, the undersigned authority, on _April 30_, 2021.

_____
Notary Public in and for the State of Texas

My Commission Expires:

7 - 16 - 2023



SYLVIA Y. PERCY
Notary Public, State of Texas
NOTARY ID # 12485086-6
My Commission Exp 07-16-23

Case 1:21-cv-00116-C   Document 1   Filed 06/28/21   Page 25 of 25   PageID 74

