IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JAVIER MEZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-CV-00116-C |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

### ORDER

Petitioner Javier Meza, proceeding with the assistance of counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on June 28, 2021. Doc. 1. Respondent submitted copies of Petitioner's relevant state-court records, Doc. 13, and filed an answer with brief in support, Doc. 12, urging that Petitioner's habeas petition be dismissed as barred by the applicable statute of limitations in 28 U.S.C. § 2244(d). Alternatively, Respondent argues that Petitioner failed to meet his burden of proof under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner did not file a reply and the time to do so has passed.

For the reasons explained below and in Respondent's Answer, the Court finds that the Petition must be denied and dismissed with prejudice.

### I. BACKGROUND

Respondent has lawful custody of Petitioner pursuant to Petitioner's guilty-plea conviction for murder out of the 42nd District Court of Taylor County, Texas, in Cause No. 22920A, styled *State of Texas vs. Javier Meza.* Doc. 13-16 at 12. After Petitioner's guilty plea on February 13, 2008, the trial court sentenced him, in accordance with his plea agreement, to 40 years in prison. *Id.* Petitioner appealed his conviction, but the Eleventh Court of Appeals dismissed the appeal on May 15, 2008 on the basis of Petitioner's waiver. *Id* at 14–15.

More than eleven years later, Petitioner filed a state application for habeas relief. Doc. 13-16. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing and on the court's independent review of the record. Doc. 13-4.

Petitioner filed this federal petition on June 28, 2021, challenging his conviction on the following grounds:

1) He received ineffective assistance of counsel when his attorney failed to pursue a motion to suppress Petitioner's statements to law enforcement;

2) He received ineffective assistance of counsel when his attorney advised him to plead guilty rather than opting for a trial; and

3) His Fourth, Fifth, and Sixth Amendment rights were violated when law enforcement permitted Petitioner to speak to family members without informing him that the conversation would be recorded.

Separately, Petitioner acknowledges that the petition was filed well after the expiration of the applicable one-year statute of limitations, but he argues that the Respondent argues that the petition should not be dismissed because the State withheld video evidence of Petitioner's inculpatory statements to law enforcement and family.

Respondent answers that the petition must be dismissed with prejudice because it is untimely. Respondent explains that the video evidence referenced by Petitioner is not newly discovered, does not constitute a new factual predicate, and does not establish any state-created impediment to timely filing. To the contrary, the evidence was available and known to the Petitioner at the time he entered his guilty plea. Moreover, Respondent points out that Petitioner has not shown, or even alleged, that the video evidence is favorable to his case. Alternatively, Respondent asserts that Petitioner failed to show that the adjudication of his claims resulted in a decision contrary to clearly established federal constitutional law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court

2

proceedings. Respondent argues that Petitioner's plea of guilty was made knowingly, intelligently, and voluntarily, as evidenced by the state-court record.

## II. DISCUSSION

After carefully reviewing the state court records and the pleadings, the Court finds that an evidentiary hearing is not necessary to resolve the instant petition. *See Young v. Herring*, 938 F.2d 543, 560 n. 12 (5th Cir. 1991) ("[A] petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction.").

Respondent argues that the Petition should be dismissed with prejudice because it is untimely, and alternatively, because he failed to overcome the deferential standard for relief under AEDPA.

### A.   Statute of Limitations

Petitioner's petition is subject to review under AEDPA, which establishes a one-year limitation on filing federal habeas corpus petitions. Namely, 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under the statute, the habeas clock begins to run when one of the circumstances in § 2244(d)(1)(A)-(D) triggers the Act's application.

As argued by Respondent, the Court finds that Petitioner's petition was filed over twelve years too late. Petitioner has shown no rare or exceptional circumstance that would make the strict application of the statute of limitations inequitable. The state-court record belies Petitioner's conclusory assertion that the State withheld evidence, or that the factual predicate of Petitioner's claims was newly discovered. *See* Doc. 13-16 at 103–104; 106–107; 120–122. Thus, his petition must be dismissed with prejudice as untimely.

**B.   Guilty Plea**

Alternatively, and as argued by Respondent, the Court finds that the petition must be denied because it lacks merit. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson,* 226 F.3d 399, 405 (5th Cir. 2000).

The state-court records clearly show that Petitioner understood the consequences of his plea, that he understood the range of punishment, and that he persisted on pleading guilty. *See Brady v. United States*, 397 U.S. 742, 755 (1970). Petitioner signed and initialed the trial court's written admonishments. Doc. 13-16 at 7–11. Additionally, he signed a written stipulation of

evidence and a judicial confession made under oath that he was guilty of murder as charged in the indictment. *Id.* at 6.

Petitioner has failed to show that he did not understand the nature of the charge, the range of punishment, or the consequences of his plea. Further, he has failed to show that his guilty plea was involuntarily made or unlawfully induced. *Id.* He has also failed to show that, but for his counsel's alleged errors, he would not have pleaded guilty but would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

**C.  AEDPA Standard of Review**

Finally, the Court notes that Petitioner raised his claims in his state habeas proceedings, and the TCCA denied them on the merits.[1] "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Under AEDPA, a petitioner may not obtain habeas corpus relief in federal court with respect to any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in a decision contrary to clearly established federal constitutional law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). This section creates a "highly deferential standard for evaluating state-court rulings, . . . which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*) (internal quotation marks omitted).

---

[1] Under Texas law, denial of a habeas petition, rather than a dismissal, suggests that the state habeas court's adjudication of claims was on the merits. *See Salazar v. Dretke,* 419 F.3d 384, 398–99 (5th Cir. 2005).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. Petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Canales v. Stephens*, 765 F.3d 551, 563 (5th Cir. 2014). Petitioner's burden before this Court is significantly heightened in that Petitioner cannot prevail even if he shows that the state court's determination was incorrect. Petitioner must also show that the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied, Neal v. Epps*, 537 U.S. 1104 (2003).

Petitioner has failed to show that the state-court's adjudication of his claims resulted in a decision contrary to clearly established federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Thus, the Court finds that the petition should be denied.

### III. CONCLUSION

The Court has conducted a thorough examination of Petitioner's pleadings, Respondent's answer, the relevant state court records, and the applicable law. For the reasons discussed above and based on the facts and the law set forth in Respondent's answer, the Court finds that the Petition is both untimely and without merit.

It is, therefore, ORDERED that:

(1) The instant Petition for Writ of Habeas Corpus is DENIED and dismissed with prejudice.

(2) All relief not granted is denied and any pending motions are denied.

(3) Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), this Court finds that a certificate of appealability should be denied. For the reasons set forth above and in Respondent's Answer, Petitioner has failed to show that reasonable jurists

would find (1) this Court's "assessment of the constitutional claims debatable or wrong" or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    Judgment shall be entered accordingly.

    Dated April 15, 2024.

                                            SAM R. CUMMINGS
                                            Senior United States District Judge